## WALLIN v. STATE.

### Opinion delivered February 2, 1920.

1. CONTINUANCE—ABSENT WITNESS.—The refusal of a continuance for the absence of a witness, who would merely have testified to a statement by the prosecuting witness in conflict with his testimony as to the time when the property was stolen, was not error where there was no question as to the theft being within the period of limitation.

2. LARCENY—EVIDENCE OF VALUE.—On a trial for larceny of several rolls of barbed wire, evidence of the value thereof *held* sufficient to sustain a conviction of grand larceny.

3. CRIMINAL LAW—HARMLESS ERROR.—Permitting a witness on a trial for larceny to state that a third person asked him about the theft, and whether he knew anything about it, and that he told him he did, and told him what he knew, was not prejudicial.

Appeal from Cross Circuit Court, Second Division; *R. E. L. Johnson,* Judge; affirmed.

*J. C. Brookfield,* for appellant.

1. It was error to refuse the continuance. 99 Ark. 394-9; 38 *Id.* 174.

2. Hearsay testimony was admitted. 16 Ark. 628; 10 *Id.* 638.

3. There was no proof that the wire was worth over $10.

*John D. Arbuckle,* Attorney General, and *Robert C. Knox,* Assistant, for appellee.

1. The continuance was properly refused. "The motion does not come within the provisions of our statute. Kirby's Dig., § 6173. No abuse of discretion by the court is shown. 40 Ark. 114; 79 *Id.* 594; 100 *Id.* 132; 103 *Id.* 354; 109 *Id.* 450; 110 *Id.* 402; 79 *Id.* 594.

2. The value of the wire was proven to have been over $10.

3. The objections to the so-called hearsay evidence are not well taken.

Wood, J. Appellant was convicted of the crime of grand larceny in the stealing of three or four rolls of barbed wire. He complains that the court erred in overruling his motion for continuance, in which he set up that one Dan Slocum had been duly subpoenaed as a witness and was not present for the reason that he was in the service of the United States, and that the last information appellant had of him was that he was on the seas returning home. He set up that Slocum, if present, would testify that he heard the prosecuting witness say that the wire alleged to have been stolen was stolen on the 4th of July, 1918, whereas the witness Slocum would testify that he saw the wire at the place where the prosecuting witness Smith said it was stolen from, and he, Slocum, knew that the wire was moved from that place more than five days before July 4, 1918.

The indictment against appellant was returned on February 6, 1919, charging in apt words that the appellant stole the wire fencing to the value of $30 about June 10, 1918.

At the trial witness Roark testified that he and appellant moved the wire alleged to have been stolen some time in the summer of 1918, but he did not remember the

date. Appellant claimed to own the wire and requested witness to assist him in moving it and told witness that he would give him $1.50 for his services.

Prosecuting witness Smith testified that he missed the wire on the morning of the 11th of July, 1918. Didn't know how long it had been gone, as he left for his vacation on the 4th.

The court did not err in overruling the motion for continuance. It appears that the only purpose of the testimony of the absent witness was to contradict the testimony of the prosecuting witness Smith by showing that Smith had told Slocum that the wire was stolen on the morning of July 4, whereas, at the trial Smith testified that he missed the wire on the morning of July 11.

The indictment covered a period of three years before the date of its return by the grand jury. The precise day, therefore, within that period on which the wire was stolen is wholly immaterial. So, even if the prosecuting witness Smith did tell the absent witness that the wire was stolen on the 4th of July and this tended to contradict his testimony at the trial to the effect that he missed the wire on the 11th of July, this contradiction was immaterial because the material matter about which prosecuting witness Smith testified was that he missed the wire and that it was stolen within a period of three years prior to the indictment. The testimony of the prosecuting witness shows that he missed the wire on the morning of the 11th of July, but did not know how long before that it had been gone. The testimony of the witness Roark fixed the summer of 1918 as the time when the wire was taken.

The appellant also contends that there was no testimony to prove that the wire alleged to have been stolen was over the value of $10.

One of the witnesses testified that he knew what the market price of wire was in July, 1918. That he had been farming about forty years, and during that time had bought considerable wire, and had seen it bought and sold. That in July, 1918, he paid $5.50 per roll.

The testimony tended to prove that three or four rolls of the wire were taken. There was, therefore, testimony to sustain the verdict.

Appellant urges that the court erred in permitting witness Roark to make the following statement: "And then about three or four days later the road foreman was asking me about it, and he asked me if I knew anything about it, and I told him that I did and told him what I knew about it."

There was no prejudicial error in the ruling of the court in permitting the witness to make this statement. The statement does not contain anything prejudicial to the rights of the appellant. It at most was but a declaration of the witness that he had a conversation with the road foreman about it, but it does not show that the foreman said anything to the witness or that the witness said anything to the foreman that was in any manner prejudicial to the rights of the appellant.

Judgment affirmed.